STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PC-2006-1360 O AHLBORG & SONS INC V JEFFREY R SANDERS

Filing Date: 03-08-2006
Case Status: CLOSED DURING DISCOVERY

Case Type: CONTRACT DAMAGES
Status Date: 04-03-2006

Plaintiff: O. AHLBORG & SONS INC.
ID: @10826035

Attorney: JOHN BULMAN

Defendant: JEFFREY SANDERS
ID: @10826036

Defendant: DAVID SANDERS
ID: @10826037

Defendant: RAYMOND SANDERS
ID: @10826038

Scheduled Events

| Date | Event | Location | Judge |
|---|---|---|---|

Prior Events

| Date | Event | Location | Judge |
|---|---|---|---|

Case Jacket

| Checked Out | Returned | Person | Comments/Text |
|---|---|---|---|

Docket Entry Information

| Date | Description | Text |
|---|---|---|
| 03-08-2006 | COMPLAINT FILED | |
| 03-08-2006 | INITIAL FILING FEE | |
| 03-08-2006 | Payment Applied | A Payment of -$160.00 was made on receipt SCP222251. |
| 03-27-2006 | SUMMONS,PROOF OF SERVICE FILED | 3 FILED |
| 04-03-2006 | NOTICE OF REMOVAL | |
| 04-03-2006 | CASE REMVD TO US DISTRICT CT | |
| 04-03-2006 | OTH DOC FILED DURING DISCOV | |

A True Copy Attest
Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

%%

R E C E I P T

Rhode Island Justice System

Receipt Number: SCP222251
Date: 08-MAR-2006
Cashier: LSY

Payor: LB - LITTLE MEDEIROS
Address:
DOB:

| Description | Amount |
|---|---|
| Case: PC-2006-1360 | |
| Q AHLBORG & SONS INC V JEFFRE | |
| INITIAL FILING FE | 150.00 |
| RI LEGAL SERVICES | 10.00 |
| Present Balance: | 160.00 |
| Amount Paid: | 160.00 |
| New Balance Due: | 0.00 |

Tender Type:

| | |
|---|---|
| CHECKS-SCP-09880 | 160.00 |
| | 0.00 |
| Amount Tendered: | 160.00 |
| Amount Paid: | 160.00 |
| Change: | 0.00 |

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol

# STATE OF RHODE ISLAND
## SUPERIOR COURT
### CIVIL CASE COVER SHEET

CASE # 06-1360

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| | |
|---|---|
| O. AHLBORG & SONS, INC. | JEFFREY R. SANDERS, DAVID F. SANDERS and RAYMOND J. SANDERS |
| PLAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK **ONE** APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) **AA** AGENCY APPEAL | ( ) **EX** EXCESSIVE TAX | ( ) **PR** PARTITION |
| ( ) **AB** ASSAULT & BATTERY | ( ) **FF** FORFEITURE | ( ) **RC** REINSTATE CHARTER |
| ( ) **AE** ASBESTOS CASES | ( ) **FG** FOREIGN JUDGMENT | ( ) **PT** PROMISSARY NOTE |
| ( ) **AI** ANTI-TRUST | ( ) **FS** FRIENDLY SUIT | ( ) **RY** REAL PROPERTY |
| ( ) **BA** BOOK ACCOUNT | ( ) **ID** PER INJURY/PROP DAM/VEH | ( ) **SA** SEXUAL ABUSE |
| ( ) **BP** BILL OF RIGHTS-POLICE OFF | ( ) **IJ** INJUNCTIVE RELIEF | ( ) **SF** SPECIFIC PERFORMANCE |
| ( ) **CH** CIVIL RIGHTS/JOB DISCRIM | ( ) **IP** INTERPLEADER | ( ) **SX** SEXUAL HARASSMENT |
| ( ) **CI** CRIMINAL INJURY COMP | ( ) **LC** LEAD CASE | (XX) **TD** CONTRACT DAMAGES |
| ( ) **CL** COMMON LAW ASSIGNMENT | ( ) **LS** LIBEL/SLANDER | ( ) **TE** TRESSPASS & EJECTMENT |
| ( ) **CM** COMMON LAW LIEN | ( ) **ME** MALPRACTICE/LEGAL | ( ) **TO** TITLE CLEARING |
| ( ) **CS** CONVERSION | ( ) **MM** MALPRACTICE/MEDICAL | ( ) **TV** TRUSTEE/APPT CONVEY TITLE |
| ( ) **CV** CRIMINAL CONVERSION | ( ) **MO** MALPRACTICE/OTHER | ( ) **TG** TRUSTEE/ACCOUNTING |
| ( ) **CH** CIVIL RIGHTS/JOB DISCRIMIN | ( ) **OV** OTHER CIVIL ACTION | ( ) **UM** UNINSURED MOTORIST |
| ( ) **DJ** DECLARATORY JUDGMENT | ( ) **PB** PROPERTY DAMAGES | ( ) **WM** WRIT OF MANDAMUS |
| ( ) **DG** RECOVERY OF DAMAGES | ( ) **PG** PROPERTY DAMAGES/VEH | ( ) **WR** WRIT OF REPLEVIN |
| ( ) **DB** DEBT ON JUDGMENT | ( ) **PI** PERSONAL INJURY | ( ) **WD** WRONGFUL DEATH |
| ( ) **DD** DECEPTIVE TRADE PRACTICE | ( ) **PJ** PERSONAL INJURY/VEHICLE | |
| ( ) **DN** DENIAL OF PROBATE CLAIM | ( ) **PL** PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) **AC** ARBITRATION/CONFIRM | ( ) **GJ** GRAND JURY INVESTIGATION | ( ) **PX** PETITION TO EXPUNGE |
| ( ) **AD** ARBITRATION AWARD | ( ) **HC** HABEAS CORPUS | ( ) **PY** PETITION INVENT (WIRE TAP) |
| ( ) **AS** ASSESSMENT OF DAMAGES | ( ) **LN** LEVEL COMMUN NOTIFICATION | ( ) **RB** ARBITRATION REFERRAL |
| ( ) **CE** CONDEMNATION | ( ) **ML** MECHANICS LIEN | ( ) **RP** RULE 5A PETITION |
| ( ) **CN** CONFIRM COMPROMISE | ( ) **MW** MATERIAL WITNESS | ( ) **RV** RECEIVERSHIP |
| ( ) **CP** CONTEMPT | ( ) **OM** OTHER MISC PETITION | ( ) **SO** SEXUAL VIOLENT PREDATOR |
| ( ) **DI** DISCLAIMER | ( ) **OW** OUT OF STATE WITNESS | ( ) **TA** APPOINTMENT OF TRUSTEE |
| ( ) **DS** DISSOLUTION OF CORP | ( ) **PC** POST CONVICTION RELIEF | ( ) **TC** TITLE CLEARING (TAX TITLE) |
| ( ) **DT** DECLINATION OF TRUSTEE | ( ) **PD** PETITION TO TAKE DEPO | ( ) **TL** FORECLOSURE/TAX LIEN |
| ( ) **EN** END PARTNERSHIP | ( ) **PM** PETITION FOR IMMUNITY | ( ) **TS** TRUSTEE SUCCESSOR |
| ( ) **FC** FORFEITURE OF CHARTER | ( ) **PO** PETITION FOR CONSTABLE | ( ) **VC** VACATE ARBITRATION |
| ( ) **FL** FORECLOSURE RIGHTS REDEM | ( ) **PS** PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) **GD** GUARDIANSHIP | ( ) **OA** OTHER PROBATE APPEAL | ( ) **WL** WILL |
| ( ) **NC** NAME CHANGE | ( ) **TU** TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

TRIAL XX YES ( ) NO IF YES: ( ) JURY XX NON-JURY

ATTORNEY NAME & REGISTRATION# John E. Bulman #3147 March 8, 2006
PRO SE/NAME: DATE: TODAY

True Copy Attest
Office of Superior Court

SC223 (REV05-05)

**STATE OF RHODE ISLAND**
**PROVIDENCE, Sc.**

**SUPERIOR COURT**

**O. AHLBORG & SONS, INC.** :
:
**vs.** :
:
**JEFFREY R. SANDERS, DAVID F. SANDERS and RAYMOND J. SANDERS** :

**C.A. No. 06-1360**

**NOTICE OF REMOVAL**

Now come the Defendants, Jeffrey R. Sanders, David F. Sanders and Raymond J. Sanders (hereinafter "Sanders"), and pursuant to 28 USC §1332(a)(1), and hereby removes the pending matter to the United States District Court for the District of Rhode Island.

Sanders are residents of counties located outside the State of Rhode Island. The Plaintiff seeks damages in excess of $75,000. Therefore, pursuant to Federal Statute, the United States District Court has original jurisdiction and Sanders has, as the matter of right, the ability to remove this matter to that Court.

Notice is hereby provided to Plaintiff's counsel of removal, along with a copy of the State Court record.

Defendants
By their attorney,

Joseph J. Reale, Jr.-#3158
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903
Tel: (401) 453-9900
Fax: (401) 453-9917

Dated: April 3, 2006

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

FILED
2006 APR -3 A 10:51

## CERTIFICATION

To:
John E. Bulman, Esq.
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a true copy of the within Notice of Removal on April 3, 2006.

Marianne C. Martin

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

STATE OF RHODE ISLAND
PROVIDENCE, S.C.

SUPERIOR COURT

O. AHLBORG & SONS, INC.
Plaintiff,

v.

C.A. No. 06-1360

JEFFREY R. SANDERS,
DAVID F. SANDERS, AND
RAYMOND J. SANDERS
Defendants.

## COMPLAINT

Plaintiff, O. Ahlborg & Sons, Inc. ("Ahlborg"), for its Complaint against Defendants Jeffrey R. Sanders, David F. Sanders, and Raymond J. Sanders ("Defendants"), states to the Court as follows:

### Parties and Jurisdiction

1. Ahlborg is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business at 48 Molter Street, Cranston, RI 02910.

2. Upon information and belief, Jeffrey R. Sanders is an individual residing in Seekonk, Massachusetts.

3. Upon information and belief, David F. Sanders is an individual residing in Seekonk, Massachusetts.

4. Upon information and belief, Raymond J. Sanders is an individual residing in Rumford, Rhode Island.

5. Jurisdiction is proper in this Court pursuant to R.I.G.L. § 8-2-14 as the amount in controversy in this matter exceeds Ten Thousand Dollars ($10,000.00).

True Copy Attest
Office of Clerk of Superior Court
Counties of P... 
Providence

6. Jurisdiction is proper in this Court pursuant to R.I.G.L. § 9-5-33 as Jeffrey R. Sanders and David F. Sanders have sufficient minimum contacts arising out of their transactions with R. J. Sanders, Inc. ("SI"), Ahlborg, and transactions which are the subject of this Complaint.

7. Venue is proper in this Court pursuant to R.I.G.L. § 9-4-4 as Ahlborg is located in Providence County, RI.

**Facts**

8. In or about February 2004, Ahlborg entered into an agreement with Combined Energies, a general contractor, to perform work on a project described as "Naval Station Newport Heating System Decentralization" located in Newport, Rhode Island (the "Project").

9. On or about April 13, 2004, Ahlborg entered into a subcontract agreement (the "Subcontract") with SI, a Massachusetts corporation with a registered agent in Rhode Island. SI was subcontracted by Ahlborg to perform certain HVAC, plumbing and fire protection systems work on the Project. The Subcontract was for the lump sum of $6,450,000.

10. On information and belief, at all relevant times, Defendants were officers of SI: Jeffrey R. Sanders was Vice-President, David F. Sanders was either Vice President or Clerk, and Raymond J. Sanders was President.

11. Pursuant to the Subcontract, SI and Defendants from time to time sought payment for work SI had allegedly completed.

12. Also pursuant to the Subcontract, and in order to receive the aforementioned periodic payments, SI periodically submitted a form entitled "Application and Certificate for Payment" ("Payment Application"). Such Payment Applications contained a certification that certain work indicated in the Payment Application had already been completed, and that all work

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence
Providence, Rhode Island

performed by SI's subcontractors for which a previous Payment Application had been submitted had been paid for by SI.

13. Also pursuant to the Subcontract, and as a condition precedent to receipt of the periodic payments from Ahlborg, SI periodically furnished to Ahlborg documents entitled "Release[s] of Lien" ("Lien Releases"). In each Lien Release the signatory – both in his individual capacity and in his capacity as an officer or employee of SI – represented that all of SI's subcontractors to the Project had been fully paid.

14. The Subcontract also required SI to furnish certain performance and payment bonds (the "Bonds") insuring the performance of SI and the payment by SI of amounts due to SI's subcontractors in connection with the Project. Specifically, the Subcontract required SI to furnish three individual Bonds to coincide with phases of the Project: Bond Number 1 for Phases 1 and 2 of the Project, Bond Number 2 for Phase 3 of the Project ("Bond No. 2"), and Bond Number 3 for Phases 4 and 5 of the Project ("Bond No. #3").

15. In or about March 2005, and possibly earlier, SI became delinquent on payments to certain of its Project subcontractors and Defendants concealed that information from Ahlborg.

16. In or about July 2005 Ahlborg became aware of SI's delinquency in payments to certain of its Project subcontractors.

17. SI failed to obtain Bond Nos. 2 and 3 for the Project and Defendants concealed that information from Ahlborg.

18. In or about September 2005 Ahlborg became aware that SI had not obtained Bond Nos. 2 and 3 as required by the Subcontract.

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

**Count One – Fraud**
**As Against Jeffrey R. Sanders, David F. Sanders, and Raymond J. Sanders, Individually and Jointly and Severally**

19. Ahlborg re-states and re-alleges each and every allegation contained in Paragraphs 1 through 18 as though fully set forth herein.

20. Over the course of SI's work on the Project, Jeffery R. Sanders executed numerous Lien Releases, including all Lien Releases dated between March 30, 2005 and early July 2005.

21. Over the course of SI's work on the Project, David F. Sanders executed numerous Lien Releases including one dated July 15, 2005.

22. Over the course of SI's work on the Project, Raymond Sanders executed at least two Lien Releases including one as late as November 8, 2004.

23. When Lien Releases were executed beginning in or about March 2005, and possibly earlier, many of SI's subcontractors had not been paid.

24. Over the course of SI's work on the Project, Jeffrey R. Sanders also executed certain Payment Applications submitted to Ahlborg, including all Payment Applications between March 30, 2005 and July 2005, except for one dated on or about March 31, 2005, which was executed by David S. Sanders. The Payment Applications each included a representation that all work performed by SI's subcontractors for which a previous Payment Application had been submitted had been paid.

25. Certain Payment Applications executed by Jeffrey R. Sanders represented that Bond Nos. 2 and 3 had been purchased.

True Copy Attest
Office of Clerk of Superior Court

26. In fact, when Jeffrey R. Sanders executed Payment Applications beginning in or about March 2005, and possibly earlier, many of SI's subcontractors had not been paid and the Bond Nos. 2 and 3 had not been purchased.

27. Over the course of SI's work on the Project, David F. Sanders also executed certain Payment Applications that were submitted to Ahlborg, including one on or about March 31, 2005. The Payment Applications included a representation that all work performed by SI's subcontractors for which a previous payment application had been submitted had been paid for by SI.

28. The March 31, 2005 Payment Application included a request for, inter alia, payment for Bond No. 2. In the Payment Application David F. Sanders represented that Bond No. 2 had been purchased.

29. In fact, when David F. Sanders executed the March 15, 2005 Payment Application, many of SI's subcontractors had not been paid and Bond No.2 had not been purchased.

30. Jeffrey R. Sanders and David F. Sanders knew when they executed certain Lien Releases and Payment Applications submitted in or about March 2005, and possibly earlier, and following that time, that their representations concerning the payment of subcontractors and the procurement of certain bonds were false.

31. Jeffrey R. Sanders and David F. Sanders made these representations with the intention of inducing Ahlborg to pay SI and to continue to employ SI as its subcontractor.

32. Relying upon Jeffrey R. Sanders' and David F. Sanders' representations, Ahlborg paid SI and continued to do business with SI.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol

33. Ahlborg detrimentally relied on Jeffrey R. Sanders' and David F. Sanders' statements and was damaged thereby. As a result of SI's failure to pay its subcontractors and procure the required bonds, Ahlborg has been sued by one or more of SI's subcontractors for payment and has incurred substantial legal and settlement costs. Also a result of SI's failure to pay its subcontractors and procure the required bonds, Ahlborg has been required to pay certain of SI's subcontractors, incurring double liability for these obligations, and may be held responsible for further such payments.

34. Ahlborg's reliance was reasonable as SI, not Ahlborg, was obligated to pay SI's subcontractors.

35. Defendants were each aware that the Lien Releases and Payment Applications submitted to SI starting in or about March 2005, and possibly earlier, were false because SI's subcontractors had not been paid and certain bonds required by the subcontract had not been purchased.

36. Defendants each sought to induce Ahlborg to pay SI and to continue to employ SI as its subcontractor.

37. Defendants each benefited from Ahlborg's payments to and continued business with SI at a time when SI had not paid its subcontractors and had not purchased certain bonds as required by the subcontracts.

38. Defendants at all times acted deliberately, intentionally, and with a unity of purpose to defraud Ahlborg which resulted in injury to Ahlborg.

**WHEREFORE**, Ahlborg seeks judgment against Jeffrey R. Sanders and David F. Sanders, individually, and against all Defendants, jointly and severally, in the full amount of its

True Copy Attest

Offic

damages, together with its costs, attorneys' fees, punitive damages, and all other relief this Court deems just and proper under the circumstances. Ahlborg seeks a jury trial on all issues so triable.

**Count Two – Negligent Misrepresentation**
**As Against Jeffrey R. Sanders, David F. Sanders, and Raymond J. Sanders, Individually and Jointly and Severally**

39. Ahlborg re-states and re-alleges each and every allegation contained in Paragraphs 1 through 38 as though fully set forth herein.

40. By his false representations that SI had obtained bonds and paid its subcontractors, Jeffrey R. Sanders misrepresented material facts.

41. By his false representations that SI had obtained bonds and paid its subcontractors, David F. Sanders misrepresented material facts.

42. Ahlborg detrimentally and reasonably relied on Jeffrey R. Sanders' and David F. Sanders' misrepresentations and was damaged thereby.

43. Defendants each knew or ought to have known that the Lien Releases and Payment Applications submitted to SI starting in or about March 2005, and possibly earlier, contained misrepresentations because SI's subcontractors had not been paid and certain bonds required by the subcontract had not been purchased.

44. Defendants each sought through these misrepresentations to induce Ahlborg to pay SI and to continue to employ SI as its subcontractor.

45. Defendants each benefited from Ahlborg's payments to and continued business with SI at a time when SI had not paid its subcontractors and had not purchased certain bonds as required by the subcontracts.

46. Defendants at all times acted negligently and with a unity of purpose in its material misrepresentations which resulted in injury to Ahlborg.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence

**WHEREFORE**, Ahlborg seeks judgment against Jeffrey R. Sanders and David F. Sanders, individually, and against all Defendants, jointly and severally, in the full amount of its damages, together with its costs, attorneys' fees, punitive damages, and all other relief this Court deems just and proper under the circumstances. Ahlborg seeks a jury trial on all issues so triable.

Respectfully submitted,
O. Ahlborg & Sons, Inc.,
By Its Attorneys

John E. Bulman #3147
Little Medeiros Kinder Bulman & Whitney P.C.
72 Pine Street
Providence, RI 02903
(401) 272-8080
(401) 521-3555 (facsimile)

Dated: March 8, 2006

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island