**UNITES STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **O. AHLBORG & SONS, INC.** | : | |
| | : | |
| **vs.** | : | **C.A. No. 06-151T** |
| | : | |
| **JEFFREY R. SANDERS, DAVID F. SANDERS and RAYMOND J. SANDERS** | : | |

**ANSWER OF DEFENDANTS, JEFFREY R. SANDERS, DAVID F. SANDERS AND RAYMOND J. SANDERS**

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied.

5. Admitted.

6. No responsive pleading from the Defendants is necessary, as this matter has been removed to the United States District Court and, therefore, State Court jurisdiction requires no specific response.

7. No responsive pleading from the Defendants is necessary, as this matter has been removed to the United States District Court and, therefore, State Court venue requires no specific response.

8. Defendants can neither admit nor deny the allegations set forth in the Plaintiff's Complaint, Paragraph 8, but leave it to specific proof thereof, as they are without sufficient knowledge or facts regarding the allegation.

9. Denied.

10. Admitted insofar as all Defendants are officers of the corporation, R.J. Sanders, Inc., but deny that the specific officers position alleged by the Plaintiff in Paragraph 10 of the Complaint.

11. Denied.

12. Admitted insofar as the corporation known as R.J. Sanders, Inc. submitted an application for payment. The document referred to speaks for itself.

13. Denied.

14. Admitted insofar as the corporation, R.J. Sanders, Inc., was required to provide a limited bond for a phase of the project. Denied as to the remaining allegations set forth in Plaintiff's Complaint, Paragraph 14.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

**COUNT I**

19. The Defendants hereby reallege their answers as set forth in Paragraphs 1 through 18, as if set forth in full herein.

20. Admitted insofar as the Defendant, Jeffrey R. Sanders, did execute lien releases, but the Plaintiff is left to prove the remaining allegations as set forth in its Complaint, Paragraph 20.

21. Admitted insofar as the Defendant, David F. Sanders, did execute lien releases, but the Plaintiff is left to prove the remaining allegations as set forth in its Complaint, Paragraph 21.

22. Admitted insofar as the Defendant, Raymond J. Sanders, did execute lien releases, but the Plaintiff is left to prove the remaining allegations as set forth in its Complaint, Paragraph 22.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

**WHEREFORE**, the Defendants, Jeffrey R. Sanders, David F. Sanders and Raymond J. Sanders, demand that the Plaintiff's Complaint, Count I, be dismissed and that they be awarded their cost of defense herein.

## COUNT II

39. The Defendants hereby reallege the answers as set forth in Paragraphs 1 through 38, as if set forth in full herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

**WHEREFORE**, the Defendants, Jeffrey R. Sanders, David F. Sanders and Raymond J. Sanders, demand that the Plaintiff's Complaint, Count II, be dismissed and that they be awarded their cost of defense herein.

## FIRST AFFIRMATIVE DEFENSE

Failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Estoppel.

## THIRD AFFIRMATIVE DEFENSE

Clean hands doctrine.

## FOURTH AFFIRMATIVE DEFENSE

Failure to plead fraud with specificity.

**FIFTH AFFIRMATIVE DEFENSE**

Failure to join an indispensable party.

**SIXTH AFFIRMATIVE DEFENSE**

Lack of privity.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants owe no individual duty or obligation to the Plaintiff and, therefore, have breached no obligation.

Defendants
By their attorney,

Joseph J. Reale, Jr. RI Bar#: 3158
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903
Tel: (401) 453-9900
Fax: (401) 453-9917

Dated: April 5, 2006

**CERTIFICATION**

To:
John E. Bulman, Esq.
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a true copy of the within Answer on April 5, 2006.

Marianne C. Martin