UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| O. AHLBORG & SONS, INC.,<br>Plaintiff | ) | |
| v. | ) | C.A. 06-151T |
| JEFFREY R. SANDERS,<br>DAVID F. SANDERS and<br>RAYMOND J. SANDERS,<br>Defendants | ) | |

**PLAINTIFF O. AHLBORG & SONS, INC.'S MOTION TO REMAND**

Plaintiff O. Ahlborg & Sons, Inc. ("Ahlborg") files this motion to remand pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Ahlborg filed a Complaint in Rhode Island Superior Court on March 8, 2006, against three defendants: Jeffrey R. Sanders, David F. Sanders, and Raymond J. Sanders ("Defendants"). Defendants filed a Notice of Removal to this court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), by stating that all three defendants were residents of states other than Rhode Island. However, citizenship (or domicile), not residency, determines diversity for purposes of federal jurisdiction. Ahlborg is a Rhode Island corporation, two of the three defendants are citizens of the State of Massachusetts, and a third defendant is a citizen of the State of Rhode Island. Only two of the three defendants are diverse from Ahlborg. The parties must have complete diversity to allege federal jurisdiction and therefore this court lacks subject matter jurisdiction to hear this case.

Ahlborg respectfully requests that the court remand this case to the Rhode Island Superior Court and order Defendants to pay Ahlborg's costs and attorneys fees incurred as a result of Defendants' improper removal pursuant to 28 U.S.C. § 1447(c). Plaintiff's

Memorandum of Law supporting this Motion is attached. Plaintiff requests a 30-minute hearing pursuant to LR Cv 7(e).

O. AHLBORG & SONS, INC.
By its attorneys,

John E. Bulman (#3147)
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
272-8080
Fax: 521-3555

April 13, 2006

CERTIFICATE OF SERVICE

I hereby certify that I this 13th day of April, 2006 forwarded a copy of Plaintiff's Motion to Remand, postage prepaid, to:

Joseph J. Reale, Jr., Esquire
30 Kennedy Plaza, Suite 400
Providence, RI 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| O. AHLBORG & SONS, INC.,<br>Plaintiff<br><br>v.<br><br>JEFFREY R. SANDERS,<br>DAVID F. SANDERS and<br>RAYMOND J. SANDERS,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. 06-151T |

**PLAINTIFF O. AHLBORG & SONS, INC.'S**
**MEMORANDUM OF LAW SUPPORTING ITS MOTION TO REMAND**

Plaintiff O. Ahlborg & Sons, Inc. ("Ahlborg") files this memorandum of law supporting its motion to remand pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Plaintiff Ahlborg and one of the defendants, Raymond Sanders, are citizens of the same state, Rhode Island. Absent complete diversity, this court does not have subject matter jurisdiction and the case must be remanded to state court. Ahlborg seeks its costs and attorneys fees incurred in the improper removal to federal court pursuant to 28 U.S.C. § 1447(c).

**BACKGROUND**

Plaintiff Ahlborg filed a Complaint in Rhode Island Superior Court on March 8, 2006, against three defendants: Jeffrey R. Sanders, David F. Sanders, and Raymond J. Sanders ("Defendants"). Ahlborg alleged that Jeffrey and David were residents of Massachusetts and Raymond was a resident of Rhode Island. Ahlborg is a citizen of Rhode Island.

Before responding, Defendants filed a Notice of Removal claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) on the basis that all three Defendants, including Raymond Sanders, were residents of states other than Rhode Island, giving the parties

complete diversity. *Notice of Removal* at 1. The parties do not dispute at this time that two of the three Defendants are diverse from Plaintiff Ahlborg. Defendant Jeffrey R. Sanders and Defendant David F. Sanders are residents or citizens of the State of Massachusetts. *See Notice of Removal* at ¶ 1; *Complaint* at ¶¶ 1-3, attached to the *Notice of Removal* as Tab 1. Plaintiff asserted in its Complaint that Raymond J. Sanders was a resident of the State of Rhode Island. *Complaint* at ¶ 4, attached to the *Notice of Removal* as Tab 1. However, in its Notice of Removal, Defendants claimed that "Raymond J. Sanders is a resident of the County of Carroll, New Hampshire" and sought federal jurisdiction over the case based on diversity. *See Notice of Removal* at ¶ 1. By this motion, Plaintiff Ahlborg seeks remand to state court as Raymond J. Sanders is domiciled in the state of Rhode Island, not New Hampshire, and diversity jurisdiction cannot be invoked.

**ARGUMENT**

The evidence demonstrates that Raymond J. Sanders is in fact domiciled in the State of Rhode Island and as a citizen of the same state as Plaintiff Ahlborg, Defendants cannot meet their burden to demonstrate complete diversity. Domicile, not residence, is the standard for diversity jurisdiction. In an attempt to deprive Ahlborg of its choice of forum in state court, Defendants improperly removed to federal court on an unsupported allegation that all three Defendants were residents of states other than Rhode Island. However, there is strong evidence that Raymond Sanders is domiciled in Rhode Island: he is registered to vote in Rhode Island, holds himself out in corporate filings as a Rhode Island resident, owns real property in Rhode Island, pays taxes in Rhode Island, and holds an industry license as a resident of Rhode Island. For purposes of removal, Raymond Sanders is not diverse from Ahlborg, and absent complete diversity, the case must be remanded to state court.

**I. Defendants Improperly Rely on Residency, Rather Than Domicile, as The Standard to Claim Diversity Jurisdiction for Purposes of Removal.**

An action is removable from state to federal court on the basis of diversity jurisdiction if the plaintiff is a citizen of a different state from all the defendants. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a)(1). For purposes of diversity, "citizenship" is the same as "domicile." *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). "[C]itizenship or domicile, not residence, is the basis of subject matter jurisdiction." *Bank One v. Montle*, 964 F.2d 48, 53 (1st Cir. 1992). However, residence is "highly relevant" to the determination of domicile. *Lundquist*, 946 F.2d at 11. A party may have more than one residence, but only has one domicile. *Bank One*, 964 F.2d at 53. Domicile is determined at the time suit is filed. *Lundquist*, 946 F.2d at 10.

The party invoking subject matter jurisdiction has the burden of proof by a preponderance of the evidence on facts supporting jurisdiction. *Id.* at 50. Any substantial doubts about whether removal is proper should be resolved against removal. *Adorno Enterprises, Inc. v. Federated Dep't Stores*, 629 F. Supp. 1565, 1573 (D.R.I. 1986).

The determination of domicile is a question of "factual physical presence incorporating an intention to reside for an indefinite period." *Lundquist*, 946 F.2d at 12. Many factors are relevant to the determination including place where civil and political rights are exercised, taxes paid, real or personal property held, drivers and other licenses obtained, bank accounts held, club and other church memberships are located, and place of business or employment. *Id.* at 11-12, *citing* Moore's Federal Practice, at 788 (2d ed. 1991). Two factors in particular are considered "weighty" to the determination of domicile: voter registration and representation of residence on corporate filings with the state office of secretary of state. *Lundquist*, 946 F.2d at 12; *Bank One*, 964 F.2d at 50.

Ultimately, there is a presumption against diversity jurisdiction and a court should be reluctant to invoke it if the facts supporting diversity are sparse. *Bank One,* 964 F.2d at 54.

## II. Defendants Cannot Meet Their Burden to Assert Diverse Citizenship as the Evidence Demonstrates Raymond Sanders is Domiciled in Rhode Island, Not New Hampshire, and Thus This Court Lacks Subject Matter Jurisdiction.

Defendants have failed to meet their burden to show complete diversity with Plaintiff Ahlborg for purposes of federal jurisdiction. Ahlborg is a corporation with citizenship in Rhode Island, as it was incorporated and has its principal place of business in Rhode Island. 28 U.S.C. § 1332(c)(1). Ahlborg does not dispute at this time that two of the three defendants, Jeffrey R. Sanders and David F. Sanders, are citizens of the state of Massachusetts. However, many factors support a finding that Raymond J. Sanders not only maintains a residence at 88 Frederick Street, East Providence, Rhode Island, but in fact is domiciled in Rhode Island:

- Raymond J. Sanders is registered to vote in Rhode Island. *See* Certified Voter Registration for Raymond J. Sanders dated Apr. 11, 2006, attached as Exhibit A (certifying that Raymond J. Sanders of 88 Frederick Street, East Providence, Rhode Island is a "legal voter and resident" of Rhode Island).
- Raymond J. Sanders holds himself out in corporate filings with the Rhode Island Office of the Secretary of State as the "registered agent" of R.J. Sanders, Inc., at the registered office on 88 Frederick Street, Rumford, RI 02916.[1] *See* Statement of Change of Registered Agent by the Corporation (Certified Copy) filed February 6, 2006, attached as Exhibit B. Importantly, a registered agent in Rhode Island, if an individual, must be a resident. R.I.G.L. § 7-1.2-501(2)(i) (emphasis added).

[1] Rumford, Rhode Island is within the City of East Providence, Rhode Island.

- Raymond J. Sanders holds a real estate mortgage to the property on 88 Frederick Street, East Providence. *See* Assignment of Real Estate Mortgage dated Sep. 10, 2003 (Certified Copy), attached as Exhibit C.
- Raymond J. Sanders holds title to the real estate at 88 Frederick Street as Trustee and Settlor of a discretionary trust. *See* Warranty Deed dated Oct. 28, 2003, recorded at Book 2139, Pages 190-91 (Certified Copy), attached as Exhibit D (wherein Raymond J. Sanders attested that he was a resident of Rhode Island); Affidavit of Trust dated Oct. 28, 2003 (Certified Copy), attached as Exhibit E.
- The property at 88 Frederick Street is a single-family residence with taxes assessed to the Raymond J. Sanders & Carolyn Sanders Trust Under Agreement. *See* Notice of Tax Assessment for 88 Frederick Street dated Apr. 7, 2006 (Certified Copy), attached as Exhibit F; Tax Assessment Summary printed April 7, 2006 at the East Providence Assessment Division, attached as Exhibit G.
- Raymond J. Sanders holds a pipefitter's license with the State of Rhode Island for which he lists his address as 88 Frederick Street, Rumford, RI 02916. *See* Printout of Pipefitters Information Database from the Rhode Island Dept. of Labor and Training (expiration Oct. 31, 2006), attached as Exhibit H.

There can be no question but that Raymond Sanders meets the factors demonstrating his domicile in Rhode Island, and especially the "weighty factors" of voter registration and statements in corporate public filings. As a citizen of Rhode Island, Raymond Sanders is not diverse from Plaintiff Ahlborg. Diversity jurisdiction does not exist and this case should be remanded.

In ordering remand of the case, the court may award Plaintiff "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Defendants have improperly sought removal pursuant to an unsupported claim of "residency" for Raymond Sanders, and Plaintiff Ahlborg has incurred costs obtaining documentation of Raymond Sanders' domicile and attorneys' fees in filing this motion to seek remand. Ahlborg therefore seeks its costs and attorneys fees incurred in filing this motion.

**CONCLUSION**

For these reasons, Ahlborg respectfully requests that the court remand this case to the Rhode Island Superior Court and order Defendants to pay Ahlborg's costs and attorneys fees incurred as a result of Defendants' removal, pursuant to 28 U.S.C. § 1447(c).

O. AHLBORG & SONS, INC.
By its attorneys,

John E. Bulman (#3147)
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
272-8080
Fax: 521-3555

April 13, 2006

CERTIFICATE OF SERVICE

I hereby certify that I this 13th day of April, 2006 forwarded a copy of Plaintiff's Memorandum in Support of its Motion to Remand, postage prepaid, to:

Joseph J. Reale, Jr., Esquire
30 Kennedy Plaza, Suite 400
Providence, RI 02903