**UNITES STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **O. AHLBORG & SONS, INC.** | : | |
| | : | |
| **vs.** | : | **C.A. No. 06-151T** |
| | : | |
| **JEFFREY R. SANDERS, DAVID F. SANDERS and RAYMOND J. SANDERS** | : | |

**OBJECTION OF JEFFREY R. ANDERS, DAVID F. SANDERS AND RAYMOND J. SANDERS TO THE PLAINTIFF, O. AHLBORG & SONS, INC.'S MOTION TO REMAND**

Now come the Defendants, Jeffrey R. Sanders, David F. Sanders and Raymond J. Sanders, and objects to the Motion and Memorandum of Law filed by O. Ahlborg & Sons, Inc. , to remand this matter to the Providence County Superior Court.

The Defendants rely upon the Memorandum of Law attached hereto in support of their objection.

Defendants
By their attorney,

Joseph J. Reale, Jr.-RI Bar#: 3158
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903
Tel: (401) 453-9900
Fax: (401) 453-9917

Dated: April 21, 2006

**CERTIFICATION**

To:
John E. Bulman, Esq.
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel of record a true copy of the within Objection and Memorandum of Law on April 21, 2006.

Marianne C. Martin

**UNITES STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **O. AHLBORG & SONS, INC.** | : | |
| | : | |
| **vs.** | : | **C.A. No. 06-151T** |
| | : | |
| **JEFFREY R. SANDERS, DAVID F. SANDERS and RAYMOND J. SANDERS** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION TO REMAND**

## I. Introduction

Now come the Defendants, Jeffrey R. Sanders, David F. Sanders and Raymond J. Sanders (Sanders), and provide the following Memorandum of Law.

This matter was removed to the United States District Court for the District of Rhode Island by Sanders pursuant to 28 USC 1332(a)(1) based upon diversity of the parties and the amount in controversy. The Plaintiff, O. Ahlborg & Sons, Inc. (Ahlborg), has come forward and filed documents which purport to establish Raymond J. Sanders as a resident of Rhode Island, thereby vitiating complete diversity. The exhibits that Ahlborg has placed before this Court are incorrect or misleading with regard to Mr. Sanders' residency.

## II. Argument

Raymond J. Sanders is a resident of Freedom, New Hampshire and, therefore, has citizenship diverse from all other parties to this matter. Mr. Sanders is a 78 year old man who resides in Freedom, New Hampshire. He is the father of co-defendants, David F. Sanders and Jeffrey R. Sanders. Mr. Sanders is married to Carolyn R. Sanders. In 1954, Mr. & Mrs. Sanders

purchased property located at 113 Lindy Avenue in East Providence, Rhode Island, and resided there continuously until 1988. In 1988, Mr. & Mrs. Sanders moved to 492 Sowams Road in Barrington, Rhode Island. They owned that property until 1994. In the interim, on or about 1996, Mr. & Mrs. Sanders moved their residency to 79 Packard Drive, Freedom, New Hampshire. They continued to own the property on Sowams Road, which they sold in 1994 and bought another parcel of property at 78 Village Drive, which they owned until 2003. Thereafter, they purchased 88 Frederick Street in 2003 and have owned it to present date. At all times since 1996, however, Mr. & Mrs. Sanders have been residents of Freedom, New Hampshire. They have maintained a second home in Rhode Island, which they use for approximately 120 days per year or less.

The information supplied by Ahlborg with regard to the claim that Mr. Sanders is a Rhode Island resident is either incorrect or misleading. All the pertinent details, both financial and personal, as related to Mr. Sanders, individually establishes residency at 79 Packard Drive in Freedom, New Hampshire. First, attached is a copy of Mr. Sanders' license and its renewal with the State of New Hampshire issued on August 13, 2001, expiring on October 17, 2006, as a resident of 79 Packard Drive, Freedom, New Hampshire. (**Exhibit A** hereto). This license clearly indicates that Mr. Sanders is a resident of New Hampshire. He has been, and declared himself so, since 1996.

Additionally, attached as **Exhibit B** is a copy of the Town of Freedom Voter Checklist indicating a listing for Raymond J. Sanders and Carolyn J. Sanders, residents at 79 Packard Drive. Mr. & Mrs. Sanders have voted in New Hampshire, starting with the Presidential election of 1996 and continuously thereafter. The voter registration material provided by Ahlborg is incorrect and confirmed as such by the East Providence Authority Clerk with regard to voter

registration. Attached as **Exhibit C** is confirmation from the East Providence Authority Clerk, Maryann H. Callahan dated April 19, 2006, attesting to the fact that Carolyn R. Sanders and Raymond J. Sanders have not voted in Rhode Island since 1994. The voting record clearly indicated in the middle of the form attached on **Exhibit C** is conspicuously blank. The Clerk provided Ahlborg with its Exhibit A confirming that Mr. Sanders is on the voting rolls, however, it was only done as a result of receiving a change of address from Sanders' Village Drive address to the Frederick Street address. The mailing triggered the change of address, but Mr. Sanders has not voted there. The absence of any votes cast in the State of Rhode Island and the attached affidavit from Mr. Sanders attesting to his participation in the political process in New Hampshire clearly demonstrates that Mr. & Mrs. Sanders have not voted in East Providence, but rather in New Hampshire.

More conclusive then the voter registration is the place listed as an individual's residence when filing State and Federal tax returns. Attached as **Exhibit D** is the Form 1040 for 2004 and 2005 filed by Mr. & Mrs. Sanders with the Department of Treasury as their tax return for those years. The redacted version clearly shows that Mr. & Mrs. Sanders filed with the address 79 Packard Drive, Freedom, New Hampshire. Moreover, any individual working in a state that is not a resident must file a non-resident tax return. Attached as **Exhibit E** is Mr. Sanders' non-resident tax return filed with the State of Rhode Island in the year 2004. It clearly shows that although Mr. Sanders incurred income and thereby an income tax liability with the State of Rhode Island, he identified himself as a non-resident located at 79 Packard Drive, Freedom, New Hampshire. Likewise, as part of **Exhibit E** is the 2005 Massachusetts non-resident income tax return filed by Mr. & Mrs. Sanders with the Commonwealth of Massachusetts in 2005, again identifying themselves as New Hampshire residents. The difference between 2004 and 2005 is

that the company, R.J. Sanders, with whom all three Defendants are employed, relocated from Rhode Island to Massachusetts, thereby triggering a filing in Massachusetts as a non-resident taxpayer.

Attached as **Exhibit F** is the Social Security Administration correspondence to Raymond J. Sanders at 78 Packard Drive, Freedom, New Hampshire, addressing Social Security benefits which are received by Mr. Sanders. Attached as **Exhibit G** is a copy (redacted) of the Bricklayers Pension Fund received by Mr. Sanders as a resident at 79 Packard Drive, Freedom, New Hampshire.

Ahlborg has provided certain exhibits which purport to be tax assessments against property owned by Mr. & Mrs. Sanders. The documents supplied by Ahlborg contradict that assertion. Mr. & Mrs. Sanders placed their New Hampshire property and their Rhode Island property in a Trust. In fact, Ahlborg's own exhibit, Exhibit E (Affidavit of Trust), Exhibit F (City of East Providence tax bill), and Exhibit G (real estate summary), all indicate that the property at 88 Frederick Street is owned by a Trust. All of the documents refer to property under a Trust Agreement dated June 15, 1993. That Trust was created by Mr. & Mrs. Sanders to hold property and other assets pursuant to estate planning. Therefore, the payment of taxes for the City of East Providence does not constitute anything more than the Trust paying taxes on property it owns. The property at 88 Frederick Street has been owned by that Trust since October 2003. Clearly, that property cannot subject to Raymond Sanders or Carolyn Sanders to residency in Rhode Island as they do not own the property itself.

The day-to-day aspects of Mr. Sanders revolves around the State of New Hampshire where he is a resident. He is a registered voter in New Hampshire; he collects Social Security and other pension benefits in New Hampshire; he has a driver's license issued by the State of

New Hampshire; he pays taxes in Massachusetts as a non-resident taxpayer, who is a resident in New Hampshire; and he has filed tax returns with the Federal Government as a resident of New Hampshire. These facts overwhelmingly support his claim that his is a resident of New Hampshire and no other state. Ahlborg's documents are misleading as they refer to property owned by a Trust and not Mr. Sanders individually. The fact that he is listed as a registered agent for the company, R.J. Sanders, Inc., is clearly an error in that he is not a resident of Rhode Island. That information was included by his son without his knowledge and will subsequently be amended to reflect another registered agent who resides in Rhode Island.

Mr. Sanders is entitled, pursuant to Federal Statute, to the benefits of the Federal Court system when diversity exists. Mr. Sanders' residence in New Hampshire clearly creates complete diversity between the parties and, therefore, he is entitled to the benefits of access to the Federal Court.

Respectfully Mr. Sanders requests that the Court deny the Plaintiff's Motion to Remand and allow the matter to go forward with discovery and trial.

Defendants
By their attorney,

Joseph J. Reale

Joseph J. Reale, Jr.-RI Bar#: 3158
Joseph J. Reale, Jr., Ltd.
30 Kennedy Plaza, Suite 400
Providence, RI 02903
Tel: (401) 453-9900
Fax: (401) 453-9917

Dated: April 21, 2006