UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| O. AHLBORG & SONS, INC.,<br>Plaintiff<br><br>v.<br><br>JEFFREY R. SANDERS,<br>DAVID F. SANDERS and<br>RAYMOND J. SANDERS,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. 06-151T |

**NOTICE OF RECORDKEEPER DEPOSITION**

TO: F.W. WEBB
c/o Peter J. Kelleher, Resident Agent
101 Jefferson Boulevard
Warwick, RI 02888

Allied Court Reporters
115 Phenix Ave.
Cranston, RI 02910

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30 and 45, Plaintiff O. Ahlborg & Sons, Inc., will take the deposition before a notary public, or some other officer authorized by law to take depositions, of the Keeper of Records for F.W. Webb, located at 3 Slater Road, Cranston, Rhode Island, a witness in this case. F.W. Webb's Keeper of Records is required to produce and permit inspection and copying of the documents or objects set forth in the attached Schedule A. The deposition or depositions will commence on October 11, 2006 at 10:30 a.m. at the offices of Little Medeiros Kinder Bulman & Whitney, P.C., 72 Pine Street, 5th Floor, Providence, RI 02903, or on a lawfully adjourned date, and shall continue from day to day until concluded. The testimony shall be recorded by stenographic means.

You are invited to attend and take such part as is appropriate under law. A subpoena will be served.

Dated: September 28, 2006.

O. AHLBORG & SONS, INC.
By its attorneys,

/s/ *John E. Bulman*
John E. Bulman, Esq. (#3147)
Laura J. Bottaro, Esq. (#7390)
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
Phone: (401) 272-8080
Fax: (401) 521-3555
jbulman@lmkbw.com
lbottaro@lmkbw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September, 2006 I forwarded a copy of this Subpoena and Schedule A, postage prepaid, to:

Joseph J. Reale, Jr., Esquire
reale@conversent.net

*/s/ John E. Bulman*

## Schedule A

1. With regard to the Naval Station Newport Heating System Decentralization project in Newport, Rhode Island ("the Project"), all documents[1] in your possession, custody, or control that constitute, reflect, relate or refer to:

    a. Oral or written communications between you and R.J. Sanders, Inc., or their employees, including but not limited to, Raymond J. Sanders, David F. Sanders, and/or Jeffrey R. Sanders, concerning contracts or subcontracts for any work performed by you on the Project;

    b. Oral or written communications by R.J. Sanders, Inc., or their employees, including but not limited to, Raymond J. Sanders, David F. Sanders, and/or Jeffrey R. Sanders, to you concerning payment and/or performance bonds on the Project;

    c. Oral or written communications between you and R.J. Sanders, Inc., or their employees, including but not limited to, Raymond J. Sanders, David F. Sanders, and/or Jeffrey R. Sanders, including but not limited to correspondence, invoices, checks, payment applications, and/or lien releases, relating to unpaid invoices or outstanding debts owed to you by R.J. Sanders, Inc. at any point in time during your work on the Project up to date of this subpoena;

    d. Your efforts to collect on unpaid invoices or outstanding debts owed to you by R.J. Sanders, Inc., including claims made on payment bonds, and claims made against O. Ahlborg & Sons, Inc. and/or Combined Energies, and/or their respective sureties;

    e. Oral or written communications regarding payments made to you by O. Ahlborg & Sons, Inc. for unpaid invoices or outstanding debts owed to you by R.J. Sanders, Inc.; and

    f. Documents that itemize or set forth amounts of unpaid invoices or outstanding debts owed to you by R.J. Sanders, Inc. at any point in time during your work on the Project up to the date of this subpoena.

[1] Includes all "writings," "recordings," as defined by F.R.E. 1001, whether original or duplicate, which includes "letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation."

**Fed. R. Civ. P. 45**

**(c) Protection of Persons Subject to Subpoenas.**

**(1)** A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
**(2)(A)** A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
**(B)** Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
**(3)(A)** On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
**(i)** fails to allow reasonable time for compliance;
**(ii)** requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
**(iii)** requires disclosure of privileged or other protected matter and no exception or waiver applies, or
**(iv)** subjects a person to undue burden.
**(B)** If a subpoena
**(i)** requires disclosure of a trade secret or other confidential research, development, or commercial information, or
**(ii)** requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
**(iii)** requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

**(1)** A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
**(2)** When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

*F:\Laura\Ahlborg\RJ Sanders\Notice of Keeper of Records Depo -Webb.doc*